The Honorable Jim Hendren State Representative Route 1, Box 260 Sulphur Springs, Arkansas 72768
Dear Representative Hendren:
You have requested an Attorney General opinion on the following questions:
 (1) Is it a violation of A.C.A. § 14-42-107 for a city council of a second class city to establish committees composed of city council members and then establish a salary for the committee members?
 (2) Is it a conflict of interest for city council members to vote on that portion of the city budget that they established as members of a commission (e.g., can a member of the parks commission vote on the parks budget as a councilman?)?
 (3) Since the amount of money paid into APERS for each employee of the city is based upon an employee's wages, can the amount paid to the city prosecuting attorney be included in the pay of the city attorney and the city attorney in turn pay the prosecuting attorney (thus resulting in inflated pay for the city attorney and more paid into APERS, but no credit for APERS showing against the prosecuting attorney?
RESPONSE
Question 1 — Is it a violation of A.C.A. § 14-42-107 for a city councilof a second class city to establish committees composed of city councilmembers and then establish a salary for the committee members?[1]
It is my opinion that the provisions of A.C.A. § 14-42-107 would be violated by the scenario that you have described.
A.C.A. § 14-42-107 states in pertinent part:
 (a)(1) No alderman or member of any council of a municipal corporation shall, during the term for which he shall have been elected or one (1) year thereafter, be appointed to any municipal office which was created or the emoluments of which shall have been increased during the time for which he shall have been elected.
 (2) No alderman or council member shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected.
A.C.A. § 14-42-107(a)(1) and (2).
The situation that you have described appears to fall squarely within the provisions of the above-quoted statute. Because the positions on these committees were not only created by the council itself (i.e. during the time for which the members were elected), but also carry emoluments created by the council, the members cannot, under the terms of this statute, serve in those positions. (This is not to say that council members cannot serve on committees that they have created, simply as a part of their duties as council members. They simply cannot receive separate compensation for doing so.)
Another statute that is pertinent to this situation is A.C.A. §14-43-409, which states:
 All officers provided for in this subtitle, and by ordinance of any city under this subtitle, shall receive such salary as the council of any city may designate, and in no instance shall they receive an additional compensation by way of fees, fines, or perquisites. All fees, fines, or perquisites shall be paid into the city treasury.
A.C.A. § 14-43-409.
If, in the situation that you have described, the city council members would receive compensation for their service on these committees that would constitute "fees, fines, or perquisites," their receipt of such compensation would violate the above-quoted statute.
Finally, the provisions of A.C.A. § 21-8-304 should also be considered. That statute states in pertinent part:
 (a) No public official or state employee shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship, that is not available to others, except as may be otherwise provided by law.
A.C.A. § 21-8-304(a).
The question of whether this statute has been violated is largely a question of fact that will depend upon the specific circumstances of each case. I therefore cannot state as a matter of law that the creation of committees on which council members will serve and the designation of their salaries necessarily constitutes a violation of this statute. I merely note that council members should be cautious not to misuse their positions in this regard.
Question 2 — Is it a conflict of interest for city council members tovote on that portion of the city budget that they established as membersof a commission (e.g., can a member of the parks commission vote on theparks budget as a councilman?)?
It is my opinion that no conflict of interest is created if city council members vote on a budget that they established as members of a commission on which they are permissibly serving.
As discussed in response to Question 1, it is a violation of law for council members to serve in positions that they created, and receive salaries that they created for those positions. If that is the case, the council members should not be in the position of formulating the budget in question.
However, if, for some reason, a council member is appropriately serving on the commission in question (for example, if the individual is serving on the commission without compensation), it is my opinion that he may vote on matters affecting that commission. Such matters do not personally benefit the council member.
Commissions that are created by the city council exercise only power that has been delegated to them by the council. Therefore, a council member who, as a member of a commission, creates a budget for that commission is doing what he could do anyway as a member of the city council. As a city council member, he has the authority to approve that commission's budget regardless of whether the duty of creating that budget has been delegated to the commission or not.
For this reason, I conclude that no conflict of interest is created if that council member votes on the commission's budget.
Question 3 — Since the amount of money paid into APERS for each employeeof the city is based upon an employee's wages, can the amount paid to thecity prosecuting attorney be included in the pay of the city attorney andthe city attorney in turn pay the prosecuting attorney (thus resulting ininflated pay for the city attorney and more paid into APERS, but nocredit for APERS showing against the prosecuting attorney?
In answering this question, I have assumed that your reference to the "city prosecuting attorney" is actually a reference to the county prosecuting attorney who is assigned to handle municipal cases. Based on this assumption, it is my opinion that the procedure you have described would be contrary to law.
Contributions to APERS by municipal employers is governed by A.C.A. §24-4-402(c)(1), which states:
 (c)(1) The employer contributions to be paid by each participating public employer, other than the state, shall be a set percentage rate of the compensations of its employees who are members. The rate of percentage shall be set by the board as provided for by § 24-3-103.
A.C.A. § 24-4-402(c)(1).
Under the unambiguous language of the above-quoted provision, the amount paid by the city into APERS must be calculated on the basis of the compensation paid to the city's employees. That amount cannot be calculated on the basis of amounts paid to any other employer's employees. The prosecuting attorney is not a city employee. See Op. Att'y Gen. No. 93-316. Moreover, any amount paid to the city attorney to be forwarded on to the prosecuting attorney is not "compensation" of the city attorney or any other city employee. For this reason, the city cannot include that amount in the figure upon which it basis its calculation of the amount to be paid to APERS. To do so would violate A.C.A. § 24-4-402(c)(1).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Your question, as stated in your opinion request, actually said: ". . . and then establish a salary for these committee meetings?" (Emphasis added.) If, in fact, you intended to refer to salaries for "meetings," rather than to salaries for "members" (as I have restated your question) and are inquiring as to whether it would be appropriate for the city council to establish a per diem compensation for themselves as committee members, my response would be the same as is set forth above. No provision of law would change my conclusions with regard to this issue, even if the only compensation under consideration were a per diem payment. In my opinion, a separate per diem payment for attendance at committee meetings would be contrary to law.